IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville April 23, 2019

**DAVID G. ANDREWS v. JONATHAN LEBO, WARDEN**

**Appeal from the Circuit Court for Lauderdale County
No. 7056    Joe H. Walker III, Judge**

_____

**No. W2018-01965-CCA-R3-HC**

_____

The Petitioner, David G. Andrews, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief from his 2017 conviction for robbery and his ten-year sentence. He contends that the judgment is void. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

David G. Andrews, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Leslie L. Price, Senior Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 26, 2015, a Knox County Grand Jury returned a four-count indictment, charging the Petitioner, in relevant part, with aggravated robbery. On February 10, 2017, the Petitioner pleaded guilty as a Range II multiple offender to robbery and received a ten-year sentence at 35% service. The remaining three counts of the indictment were dismissed upon the Petitioner's guilty plea. On October 5, 2018, the Petitioner filed a pro se petition for a writ of habeas corpus, alleging that the judgment was void because he was improperly sentenced as a Range II multiple offender. He alleged that he should have been sentenced as a mitigated or standard offender because he had no previous felony convictions. Although the Petitioner attached the judgment of conviction reflecting the multiple offender classification to his petition for relief, he did not attach the transcript from the guilty plea hearing. On October 8, 2018, the habeas corpus court

summarily dismissed the petition, concluding that the Petitioner received a "plea bargain sentence within the overall punishment range for the conviction offense" and that the Petitioner had not established that his sentence was illegal. This appeal followed.

The Petitioner contends that the judgment is void because he was improperly sentenced as a Range II multiple offender. He argues that he had no previous felony convictions and that, as a result, he should have been sentenced as a mitigated or standard offender. The State responds that the habeas corpus court did not err by summarily dismissing the petition. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The record reflects that the Petitioner pleaded guilty to a Class C felony and that he received a ten-year sentence. The punishment for a Class C felony is "not less than three (3) years nor more than fifteen (15) years[.]" T.C.A. § 40-35-111(b)(3) (2014). The Petitioner received a within-range sentence for a Class C felony. Therefore, the judgment does not reflect an illegal sentence. *See Hoover v. State*, 215 S.W.3d 776, 779 (Tenn. 2007) (concluding that a sentence was legal because it did not exceed the overall sentencing range authorized for the conviction offense to which the petitioner pleaded guilty); *State v. Mahler*, 735 S.W.2d 226 (Tenn. 1987).

Relative to whether the judgment reflects the Petitioner's proper offender classification, "habeas corpus relief is not available to correct errors or irregularities in offender classification" because "relief for such non-jurisdictional errors must be obtained, if at all, in a timely filed appeal as of right or in a timely filed petition seeking post-conviction relief." *Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008); *Hoover*, 215 S.W.3d at 780 ("We reiterate that offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools . . . in plea negotiations."). A petitioner waives "any irregularity concerning his offender classification or release eligibility when he plead[s] guilty" and is not entitled to habeas corpus relief. *Hoover*, 215 S.W.3d at 780-81. Even if the Petitioner's allegation were true, it would merely render the judgment voidable, not void.

Although the Petitioner did not attach to his petition for a writ of habeas corpus the transcript from the guilty plea hearing, he attached it to his appellate brief. A petitioner has the burden to provide an adequate record for his habeas corpus claim, and "[i]n the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." *Summers*, 212 S.W.3d at 261; *see* T.R.A.P. 13(e) (stating the facts that may be considered on appeal). In any event, the transcript reflects that the Petitioner agreed to a ten-year sentence as a Range II multiple offender, although he did not have any previous felony convictions. The Petitioner has failed to state a cognizable habeas corpus claim and is not entitled to relief on this basis.

Based upon the foregoing and the record as a whole, we conclude that the habeas corpus court did not err by summarily denying relief. We affirm the judgment of the habeas corpus court.

_____

ROBERT H. MONTGOMERY, JR., JUDGE

-3-